1

2

3

4          **UNITED STATES DISTRICT COURT**

5          **DISTRICT OF NEVADA**

6

7    In re GARY PHILLIP MCPHERSON,              )
                                                )
          Debtor.                               )
8                                               )
                                                )
9    _____   )
                                                )
10   GARY PHILLIP MCPHERSON,                     )              3:14-cv-00543-RCJ
                                                )
11        Plaintiff,                            )              **ORDER**
                                                )
12        vs.                                   )
                                                )
13   BANK OF AMERICA, N.A.,                      )
                                                )
14        Defendant.                            )
     _____   )
15

16        This is an adversary proceeding, (*see* Adv. No. 13-ap-05057-BTB), arising out of

17   Plaintiff's Chapter 13 bankruptcy case, (*see In re McPherson*, No. 13-bk-50685-BTB).

18   Defendant Bank of America, N.A. ("BOA") has asked the Court to withdraw the reference of the

19   adversary proceeding.  For the reasons given herein, the Court denies the motion.

20   **I.      LEGAL STANDARDS**

21        The Supreme Court long ago ruled that a judge not afforded the protections of life tenure

22   and irreducible salary given to judges under Article III of the Constitution, such as a bankruptcy

23   judge, cannot enter final judgments on matters traditionally decided by Article III judges. *See*

24   *Dunmore v. United States*, 358 F.3d 1107, 1114 (9th Cir. 2004) (citing *N. Pipeline Constr. Co. v.*

25   *Marathon Pipe Line Co.*, 458 U.S. 50 (1982)).  Congress amended the Bankruptcy Code to

conform to this ruling, distinguishing "core" bankruptcy proceedings from "non-core" proceedings. *Id.* Congress has enumerated what it considers to be core proceedings, *see id.* (citing 11 U.S.C. § 157(b)(2)), but it has not enumerated non-core proceedings, *see id.* "Non-core" proceedings are those that "do not depend on the Bankruptcy Code for their existence and . . . could proceed in another court." *Id.* (citing *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997)).

A bankruptcy court may hear and finally determine bankruptcy cases under Title 11 and proceedings arising under Title 11 or arising in a case under Title 11. *See* 11 U.S.C. § 157(b)(1). A bankruptcy court may hear a non-core proceeding but must submit proposed findings of fact and conclusions of law to the district court for final determination de novo. § 157(c)(1). The Ninth Circuit has adopted the Fifth Circuit's reasoning in distinguishing three types of proceedings: (1) those "arising under" Title 11; (2) those "arising in" a case under Title 11; and (3) those "related to" a case under Title 11, which are the three categories of cases over which district courts have subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b):

> 28 U.S.C. § 157(b) defines core proceedings as ones "arising under title 11, or arising in a case under title 11," and gives a nonexhaustive list of types of core proceedings. "Arising under" and "arising in" are terms of art. They are two of the three categories of cases over which district courts have jurisdiction under 28 U.S.C. § 1334(b). The third category includes cases "related to" a case under title 11. As the Fifth Circuit has explained,

> > Congress used the phrase "arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11 . . . . The meaning of "arising in" proceedings is less clear, but seems to be a reference to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy.

> The court concluded: "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding."

*In re Eastport Assocs.*, 935 F.2d 1071, 1076–77 (9th Cir. 1991) (citations omitted) (quoting *In re*

1   *Wood*, 825 F.2d 90, 96–97 (5th Cir. 1987) (footnotes omitted)).

2   Upon motion or sua sponte a district court may withdraw, in whole or in part, any case or

3   proceeding under § 157. 11 U.S.C. § 157(d).  A district court must upon timely motion withdraw

4   a proceeding if it determines "that resolution of the proceeding requires consideration of both

5   title 11 and other laws of the United States regulating organizations or activities affecting

6   interstate commerce." *Id.*  The party moving for withdrawal has the burden of persuasion. *See In*

7   *re First Alliance Mortg. Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

8   Although a bankruptcy court may not finally determine non-Title 11 issues, the presence

9   of such an issue alone does not mandate withdrawal of the reference. *In re Vicars Ins. Agency*, 96

10  F.3d 949, 953 (7th Cir. 1996).  Rather, withdrawal is mandatory only "in cases requiring material

11  consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008.  Put differently,

12  "mandatory withdrawal is required only when those issues require the interpretation, as opposed

13  to mere application, of the non-title 11 statute, or when the court must undertake analysis of

14  significant open and unresolved issues regarding the non-title 11 law." *Id.* at 954.  Permissive

15  withdrawal is allowed, however, "for cause shown," 11 U.S.C. § 157(d), which a district court

16  determines by considering "the efficient use of judicial resources (which is enhanced when non-

17  core issues predominate), delay and costs to the parties, uniformity of bankruptcy administration,

18  the prevention of forum shopping, and other related factors." *Sec. Farms*, 124 F.3d at 1008.

19  **II.    DISCUSSION**

20  Withdrawal is mandatory if the issues in the adversary proceeding require material

21  consideration of non-bankruptcy federal law.  The claims in the present Adversary Complaint

22  (breach of contract, breach of the implied covenant of good faith and fair dealing, and

23  conversion) require only the interpretation of state law.  Therefore, withdrawal is not mandatory.

24  The Court may withdraw the reference, however, "for cause shown," after considering the factors

25  of efficiency (which is enhanced when non-core issues predominate), delay and costs to the

1  parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other

2  related factors.

3  First, the Adversary Complaint consists entirely of non-core claims.  The present contract

4  and tort claims are non-core, "related to" claims over which the district court has jurisdiction

5  under 28 U.S.C. § 1334(b) and which the bankruptcy court cannot finally determine because they

6  are not created or determined by Title 11 and are not administrative bankruptcy matters. *See In re*

7  *Eastport Assocs.*, 935 F.2d at 1076–77.  If the Court were to deny withdrawal of the reference, it

8  would then have to consider all dispositive motions anew and hold an entirely new trial (or at

9  least review every single aspect of the trial in the Bankruptcy Court de novo) after the

10  Bankruptcy Court had already held those proceedings, because the Bankruptcy Court does not

11  have the constitutional authority to finally rule on any of the present claims. *See Stern v.*

12  *Marshall*, 131 S. Ct. 2594, 2608–20 (2011).  The first and second factors (judicial efficiency, and

13  delay and cost to the parties) therefore weigh very heavily in favor of withdrawal.  The third

14  factor (uniformity of bankruptcy administration) is not implicated in this case because there are

15  no core claims in the Adversary Complaint.  Finally, there is no indication of forum shopping by

16  either side.  Although mandatory withdrawal does not apply, the factors weigh heavily in favor of

17  permissive withdrawal.

18  Plaintiff, however, argues that the motion is simply untimely under Local Bankruptcy

19  Rule 5011(b) because it was filed after BOA answered, and that a litigant who fails to timely

20  object to non-core claims being heard in the bankruptcy court impliedly consents to the

21  bankruptcy court hearing those matters and issuing a report and recommendation for the district

22  court to later review de novo. *See In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 569–70 (9th

23  Cir. 2012).  In that case, the Court of Appeals ruled that a bankruptcy judge could not under

24  *Stern* constitutionally enter a final judgment on claims that exist outside of the bankruptcy code,

25  regardless of whether Congress had labeled the claim as "core" or "non-core" by statute. *See id.*

at 565.  The resulting problem was that the bankruptcy court did not have the constitutional

power to finally determine the case, but because Congress had labeled the relevant claim as

"core," neither did the bankruptcy court have the statutory power to enter proposed findings of

fact and conclusions of law, leaving the bankruptcy court no apparent ability to address the claim

at all. *See id.*  The Court of Appeals cured the "gap in this framework" by reasoning that

Congress intended via the post-*Northern Pipeline* amendments to the Bankruptcy Code to invest

the bankruptcy courts with the maximum amount of jurisdiction constitutionally permitted, and

that would surely include the power to enter proposed findings of fact and conclusions of law as

to core claims in addition to non-core claims. *See id.* at 565–66.  The Court of Appeals noted that

the bankruptcy court in *Stern* itself had purported to enter a final ruling, but the district court had

treated that ruling as findings of fact and conclusions of law and reviewed it de novo, and the

*Stern* Court had taken no issue with that procedure. *Id.* at 566.  The Supreme Court granted

certiorari to review that part of the opinion, and it affirmed because the district court had, as in

*Stern*, reviewed the bankruptcy court's ruling de novo. *See Exec. Benefits Ins. Agency v. Arkison*,

134 S. Ct. 2165, 2168 (2014) ("We hold today that when, under *Stern*'s reasoning, the

Constitution does not permit a bankruptcy court to enter final judgment on a bankruptcy-related

claim, the relevant statute nevertheless permits a bankruptcy court to issue proposed findings of

fact and conclusions of law to be reviewed de novo by the district court.  Because the District

Court in this case conducted the de novo review that petitioner demands, we affirm the judgment

of the Court of Appeals upholding the District Court's decision.").

The present case does not rely upon *Arkison*, because the Adversary Complaint contains

only non-core claims, and it has long been statutorily and constitutionally uncontroversial that a

bankruptcy court may issue proposed findings of fact and conclusions of law as to non-core

claims.  Nor does Plaintiff appear to argue that Defendant has waived its right to a final ruling in

the District Court versus a final ruling in the Bankruptcy Court.  If that issue were at play, the

1   Court would likely stay the case and await the Supreme Court's ruling in *Wellness Int'l Network*

2   *v. Sharif*, No. 13-935, in which the Supreme Court has granted certiorari to resolve, *inter alia*,

3   "whether Article III permits the exercise of the judicial power of the United States by the

4   bankruptcy courts on the basis of litigant consent, and if so, whether implied consent based on a

5   litigant's conduct is sufficient to satisfy Article III."[1]

6          Here, Plaintiff here appears to argue only that Defendant has waived its right to

7   withdrawal of the reference, not its right to de novo review in the District Court after hearing and

8   issuance of proposed findings of fact and conclusions of law in the Bankruptcy Court.  Plaintiff

9   first argues that Defendant must ask the bankruptcy judge in the first instance to determine

10  whether certain claims are core or non-core, and that until that determination is made, a motion

11  to withdraw the reference is premature.  The relevant statute notes that "[t]he bankruptcy judge

12  shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding

13  is a core proceeding under this subsection or is a proceeding that is otherwise related to a case

14

15          [1]The Court of Appeals in *In re Bellingham Ins. Agency* also noted that the Bankruptcy
16  Code permitted bankruptcy judges to enter final rulings in non-core proceedings with the consent
    of the parties and that it had long been held that a litigant could waive his constitutional right to a
17  final determination of a non-bankruptcy claim by an Article III judge, a right that is personal, not
    structural. *See id.* at 567 (citing *CFTC v. Schor*, 478 U.S. 833, 848 (1986)).  The court then
18  reasoned that if the bankruptcy court had the statutory and constitutional ability to enter a final
    judgment on a non-core, non-bankruptcy claim where the only objecting party had waived its
19  right to an Article III judge, it surely had the ability to enter a final judgment on a core, non-
    bankruptcy claim under otherwise identical circumstances, and that was the case there. *See id.* at
20  567–68.  The Court of Appeals found implied consent from the facts that the losing party in the
    Bankruptcy Court had: (1) asked the district court to stay a determination of the motion to
21  withdraw the reference so that the bankruptcy court could rule upon the pending motion for
    summary judgment; (2) withdrew its motion to withdraw the reference after it lost the motion for
22  summary judgment; (3) did not argue the bankruptcy court's lack of authority to enter summary
    judgment either in its subsequent appeal to the district dourt or in its briefs to the Court of
23  Appeals; and (4) had only filed a motion in the Court of Appeals to vacate the bankruptcy court's
    judgment on the eve of oral argument in the Court of Appeals. *See id.* at 568.  The Sixth and
24  Seventh Circuits have ruled to the contrary, and the Supreme Court has granted certiorari in
    *Sharif* to determine the issue, which it left unresolved in *Arkison*.  Again, however, the issue does
25  not appear to present itself here.

1   under title 11." 28 U.S.C. § 157(b)(3).  But § 157(d) permits a district court to withdraw the

2   reference, and it does not appear to require the Court to await the Bankruptcy Court's

3   determination of whether certain claims are core or non-core before making its subsection (d)

4   analysis.  In any case, the Bankruptcy Court's determination would be subject to de novo review,

5   and it is clear that the claims here are non-core, so there is simply no point in requiring

6   Defendant to request the Bankruptcy Court's opinion on the matter before ruling on the present

7   motion.  The failure to request the Bankruptcy Court's opinion on core versus non-core claims

8   before filing a motion to withdraw the reference cannot be read as an implied waiver of the right

9   to request withdrawal.

10          Plaintiff next argues that under the local rules a motion to withdraw the reference must be

11  filed before an answer is filed.  This is a better argument.  The relevant time is when an answer is

12  due, not when it is filed, but Plaintiff is correct that the present motion is untimely.  Local

13  Bankruptcy Rule 5011(b) requires that a motion to withdraw the reference of an adversary

14  proceeding "must be served and filed on or before the date on which an answer, reply, or motion

15  under [Bankruptcy Rule] 7012 or 7015 is first due. . . . However, [it] may be served and filed no

16  later than fourteen (14) days after service of any pleading containing the basis for the motion . . .

17  ." Local R. Bankr. Prac. 5011(b).  Bankruptcy Rule 7012 requires an answer to be filed within

18  thirty days of the issuance of the summons.  The first summons in this case was issued on

19  September 9, 2013.  Plaintiff later admitted that service of the September 9, 2013 summons had

20  been improper, and because the Bankruptcy Rules require service of a summons within ten days

21  of issuance, Plaintiff requested a new summons be issued.  The Bankruptcy Court granted the

22  motion and issued a new summons on April 11, 2014, such that an answer was due under

23  Bankruptcy Rule 7012 and Civil Rule 6 by Monday, May 12, 2013.  BOA answered on that date

24  and did not move to withdraw the reference until October 6, 2014.  The Court therefore finds that

25  the present motion to withdraw the reference is untimely.

1    Plaintiff also argues that Defendant waived the right to request withdrawal of the

2    reference and that denial of withdrawal will conserve judicial resources.  The Court need not

3    address these arguments.  The motion is simply untimely under the local rules.

4    In reply, Defendant argues that the present motion should be considered timely so long as

5    "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec.*

6    *Farms*, 124 F.3d at 1007 n.3 (quoting *In re Baldwin–United Corp.*, 57 B.R. 751, 754 (S.D. Ohio

7    1985)).  But the Local Bankruptcy Rules are in addition to the Bankruptcy Rules, and the Local

8    Rules impose the deadline noted, *supra*.  Bankruptcy Rule 5011 does not impose any particular

9    deadlines, and Local Bankruptcy Rule 5011 is therefore not in conflict with it.  In any case, the

10   "totality of the circumstances rule" urged by Defendant does not aid Defendant here.  In *Security*

11   *Farms*, the defendant moved to withdraw the reference six days after removal to the district court

12   and automatic referral to the bankruptcy court. *See id.*  The present Adversary Proceeding has

13   always been in the Bankruptcy Court, and Defendant answered there almost five months before

14   moving to withdraw the reference.  Defendant focuses on the lack of substantive developments in

15   this matter in the Bankruptcy Court.  That fact favors Plaintiff if it favors either side; withdrawal

16   would tend to result in judicial inefficiency in cases where there had already been meaningful

17   substantive activity in the bankruptcy court.  But the fact probably favors neither side.  The kinds

18   of circumstances that might favor a later withdrawal would be a ruling by the bankruptcy judge

19   that one or more claims are non-core and/or non-bankruptcy claims (in cases where the answer is

20   in fact unclear) or where an adversary complaint is later amended to include non-core and/or non-

21   bankruptcy claims where it previously contained no such claims, i.e., the same kinds of

22   circumstances that would permit removal under § 1446(b)(3) after thirty days.  This case has

23   always been in the Bankruptcy Court and has always very clearly included only non-bankruptcy

24   claims.

25   Next, Defendant argues there will be no prejudice to Plaintiff from a withdrawal, but

1   neither Bankruptcy Rule 5011 nor Local Bankruptcy Rule 5011 require any consideration of

2   "prejudice" to deny withdrawal of the reference for untimeliness, and the Court of Appeals does

3   not even list "prejudice" as a factor to consider. *See Sec. Farms*, 124 F.3d at 1008.  "Prejudice"

4   might be considered as one of the unenumerated "other factors" alluded to in that opinion, but

5   the Second Circuit case from which the *Security Farms* court adopted the enumerated factors

6   itself lists some "other factors," none of which includes prejudice to the non-moving party. *See In*

7   *re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (listing factors used by the district

8   courts in that circuit to date)).  The Court has been unable to find a case from any court of

9   appeals listing "prejudice" to the non-moving party as a factor to consider when determining the

10  timeliness of a motion to withdraw the reference.  Defendant cites only to a few district court

11  decisions from other circuits where lack of prejudice was invoked as a reason to permit a late

12  motion (under Bankruptcy Rule 5011, which, unlike Local Bankruptcy Rule 5011, does not list

13  any standard for timeliness).  Those decisions all appear ultimately to stem from a 1986 decision

14  in the Southern District of New York where the district judge granted a motion to withdraw the

15  reference based on "considerations of judicial economy." *See Interconnect Tel. Servs., Inc. v.*

16  *Farren*, 59 B.R. 397, 402 (S.D.N.Y. 1986).  That court had noted a lack of prejudice to the non-

17  moving party, but it did not appear to base its ruling primarily on that fact. *See id.*  No court of

18  appeals appears to have cited *Interconnect* as to the relevant issue.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Withdraw Reference (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 19th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge